IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOEL GARCIA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-3457 |
| | : | |
| **BARRY SMITH,** *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                **January 25, 2022**

Noel Garcia seeks habeas relief in the past several months after pleading guilty to several Pennsylvania crimes twelve years earlier. He did not appeal the conviction. He exhausted his post-conviction relief arguments over eight years ago. Judge Rice recommends we deny habeas relief as time-barred. Mr. Garcia now objects on two equitable tolling grounds not presented to Judge Rice: the prison interfered with his ability to file a timely petition for almost eight years and his post-conviction counsel's ineffective lawyering a decade ago should toll his filing. Mr. Garcia fails to show a basis for either objection. We overrule his objections. We approve and adopt Judge Rice's recommendation. We find no basis for a certificate of appealability.

**I.     Background**

Noel Garcia pleaded guilty to attempted murder and related offenses on June 10, 2009 in the state court.[1] Mr. Garcia did not appeal his conviction.[2] He sought post-conviction relief under Pennsylvania's Post Conviction Relief Act on June 7, 2010.[3] The Pennsylvania courts denied his petition.[4] The Pennsylvania Supreme Court denied Mr. Garcia's petition for allowance of appeal on December 9, 2013.[5]

Mr. Garcia petitioned for habeas relief on July 26, 2021.[6] He argued the trial judge committed constitutional errors during voir dire and the Supreme Court invalidated his sentence

through its opinion in *Alleyne v. United States*, 570 U.S. 99 (2013).[7] Mr. Garcia then filed a revised petition on September 13, 2021.[8] He argued we should treat his petition as timely because the Supreme Court decided *Alleyne* after he received his sentence, and we should equitably toll his petition due to the manifest injustice of his illegal sentence and deficient performance of post-conviction counsel.[9]

We referred Mr. Garcia's petition to Judge Rice. The judge recommends we deny Mr. Garcia's petition.[10] Judge Rice found Mr. Garcia's petition untimely because Mr. Garcia did not petition within one year after his judgment of conviction became final.[11] Judge Rice found Mr. Garcia stated no reason why we should apply statutory or equitable tolling.[12]

## II.     Analysis

Mr. Garcia now objects to Judge Rice's Report & Recommendation.[13] He raises two objections he did not raise before Judge Rice. He argues we should find his petition timely based on equitable tolling because prison officials "obstructed" his access to the courts. He also argues we should apply equitable tolling because his post-conviction counsel rendered ineffective assistance.

We adopt Judge Rice's Report and Recommendation. We write separately to overrule Mr. Garcia's newly raised objections. Mr. Garcia does not show how the alleged obstruction or deficient performance caused his seven-year delay in seeking habeas relief. We deny a certificate of appealability.

### A.     Mr. Garcia does not show a basis for tolling.

Congress imposes a one-year statute of limitations period on petitions for writs of habeas corpus.[14] The one-year clock generally begins to run on the date the petitioner's judgment becomes final.[15] Judgment becomes final when direct review concludes or when the time to seek direct review expires.[16] Defendants convicted in the Commonwealth have thirty days after sentencing to

file their notice of appeal.[17] Mr. Garcia did not appeal; his judgment became final on July 10, 2009, thirty days after he pleaded guilty. Mr. Garcia's clock tolled when he filed his post-conviction relief act petition on June 7, 2010, 332 days following finality of his conviction.[18] His clock began running again when the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 9, 2013.[19] Mr. Garcia then had the remaining thirty-three days—until January 12, 2014—before his one-year limitations period expired. Mr. Garcia filed this habeas petition on July 26, 2021, more than seven years following the expiration of his time to file. We adopt Judge Rice's Report & Recommendation finding Mr. Garcia's petition untimely, including Judge Rice's reasoning for rejecting statutory tolling, equitable tolling, and manifest injustice.

We overrule Mr. Garcia's objection prison officials prevented him from timely seeking habeas relief. Mr. Garcia's time to petition for habeas relief could begin on the date when a state-created impediment to filing is no longer in place.[20] Mr. Garcia bears the burden of proving all facts, both procedural and substantive, showing the state created some impediment to his timely filing.[21] Mr. Garcia does not show a state-created impediment to his filing suit. He does not allege prison officials interfered with his legal mail during the 2013–14 time when he needed to petition for habeas relief following the denial of his post-conviction petition.[22] Mr. Garcia does not explain how the alleged interference with his legal materials caused a seven-year delay in seeking habeas relief. He does not explain how interference caused *any* delay; his petition simply comprises generalized grievances about how his prison handles his mail. We overrule Mr. Garcia's objection.

We also overrule Mr. Garcia's objection his post-conviction counsel rendered assistance so ineffective it warrants equitable tolling. Mr. Garcia does not explain how post-conviction counsel's performance from a decade ago excuses his failure to timely seek habeas relief in the past seven-plus years. We overrule this objection.

Mr. Garcia raises several other objections to Judge Rice's Report & Recommendation.[23] These objections either disregard his petition's untimeliness or simply rehash arguments he made before Judge Rice. We overrule the remaining objections.

### B. We decline to issue a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[24] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[25] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[26] We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Garcia's constitutional claims. Mr. Garcia's objections to Judge Rice's Report & Recommendation lack merit.[27]

### III. Conclusion

We adopt Judge Rice's Report & Recommendation and deny and dismiss Mr. Garcia's petition for habeas relief. We overrule his objections including those seeking equitable tolling based on the prison's interference with his mail and his post-conviction counsel's deficient performance. We decline to issue a certificate of appealability.

---

[1] *See* N.T. Guilty Plea Hearing, June 10, 2009, at 32:15–21; 55–60; *see also Com. v. Garcia*, No. 1186 EDA 2012, 2013 WL 11264057, at *1 (Pa. Super. Ct. June 24, 2013).

[2] *Garcia*, 2013 WL 11264057, at *1.

[3] *Id.*

[4] *See id.* at *4.

---

[5] *Com. v. Garcia*, 81 A.3d 75 (Table) (Pa. 2013).

[6] ECF Doc. No. 2 at 16.

[7] *Id.* at 5–7.

[8] ECF Doc. No. 7.

[9] *Id.*

[10] ECF Doc. No. 10.

[11] *Id.* at 3.

[12] *Id.* at 3–6.

[13] ECF Doc. No. 11. We granted Mr. Garcia leave to file amended objections. ECF Doc Nos. 12, 13.

[14] 28 U.S.C. § 2244(d)(1).

[15] 28 U.S.C. § 2244(d)(1)(A).

[16] *Id.*

[17] Pa. R. Crim. P. 720(A)(3).

[18] 28 U.S.C. § 2244(d)(2).

[19] 28 U.S.C. § 2244(d)(2).

[20] 28 U.S.C. § 2244(d)(1)(B).

[21] *Cooper v. Price*, 82 F. App'x 258, 260 (3d Cir. 2003).

[22] *See* ECF Doc. No. 12 at 17–19.

[23] ECF Doc. Nos. 11, 12.

[24] 28 U.S.C. § 2253(c)(1)(A).

[25] 28 U.S.C. § 2253(c)(2).

[26] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

---

[27] Mr. Garcia also moved "for this Court to grant a court order to retrieve vital components that are need[ed] in" this matter. ECF Doc. No. 9. Mr. Garcia's Motion is simply one sentence which does not explain what "components" he needs, who has them, or why he is entitled to them. We deny the Motion.

We find no need to order an evidentiary hearing. Congress permits evidentiary hearings for section 2254 petitions "only in a limited number of circumstances." *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Mr. Garcia must show, among other things, "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Mr. Garcia does not make such a showing because his petition is time-barred.